Mr. Billy E. Simpson P.O. Box 816 Stuttgart, AR 72160
Dear Mr. Simpson:
You have requested an Opinion regarding the following question:
 Does a member of a state board or commission violate the provisions of Act 483 of 1979 if that member does business with the state with any other agency other than that which the board regulates?
Act 483 of 1979, codified as Ark. Stat. Ann. 14-1101 et. seq. (Repl. 1979) provides, inter alia:
 It shall be a breach of ethical standards for any employee to participate directly or indirectly in any . . . particular matter pertaining to any contract or subcontract, and any solicitation or proposal therefor, in which to employee's knowledge:
 (1) the employee or any member of the employee's immediate family has a financial interest;
 (2) a business or organization has a financial interest in which business or organization the employee, or any member of the employee's family, has a financial interest; or,
 (3) any other person, business or organization with whom the employee or any member of the employee's immediate family is negotiating or has an arrangement concerning prospective employment is a part. (Emphasis added).
The Act additionally specifies:
 Direct or indirect participation shall include, but not be limited to involvement through decision, approval, disapproval, recommendation, preparation of one part of a procurement request, influencing the content of any specification or procurement standard, rendering of advice, investigation, auditing or in any other advisory capacity.
Initially, it must be determined if a member of a state board or commission is an "employee" within the meaning of Act 483. It is our opinion the answer to this question is "yes." "Employee" is defined in Act 483 as "(a)ny non-salaried individual performing personal services for any State agency."
State agency in the Act means "any office, department, commission, council, board, bureau, committee, etc." Sections 14-1101 (H) and (P).
Members of boards and commissions typically receive no salary in Arkansas, but instead a per diem rate for their services. Thus, they are non-salaried. Likewise, they serve a state agency as defined above. By use of the language employed, it is thus logical to surmise that the Legislature perceived board and commission members to provide "personal services" to the agencies they serve.
Since 14-1104 applies to board and commission members, they are prohibited from participating (in their public capacity) in any matter in which they have a private financial interest. This would apply to both the entity on which they serve and any other state entity in which they participate through decision-making, etc.
Doing business with the state generally is not prohibited by the above-cited section of Act 483; but rather, doing business with the State as to a specific matter where the employee participates in the decision-making process regarding that matter.
We are enclosing a copy of the remainder of Act 483 for your information.
The foregoing opinion, which I hereby approve, was prepared by Special Counsel R.B. Friedlander.
 Sincerely, STEVE CLARK Attorney General
SC:ble